IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ELIZABETH BEROUSEE,**
**et al.,**

    **Plaintiffs,**

v.                                                            No. 3:17-cv-00716-DRH

**JANSSEN RESEARCH & DEVELOPMENT, LLC,**
**f/k/a JOHNSON AND JOHNSON PARMACEUTICAL**
**RESEARCH AND DEVELOPMENT, LLC; JANSSEN**
**ORTHO LLC; JANSSEN PHARMACEUTICALS, INC.,**
**f/k/a JANSSEN PHARMACEUTICA, INC., f/k/a ORTHO-**
**MCNEIL-JANSSEN PHARMACEUTICALS, INC.;**
**BAYER HEALTHCARE PHARMACEUTICALS INC;**
**BAYER PHARMA AG; BAYER CORPORATION;**
**BAYER HEALTHCARE LLC; BAYER HEALTHCARE AG;**
**and BAYER AG,**

    **Defendants.**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court is plaintiffs' motion to remand (Doc. 12) and defendants' motion to dismiss for lack of personal jurisdiction (Doc. 21). Based on the following, the Court **DENIES** the motion to remand and **GRANTS** the motion to dismiss for lack of personal jurisdiction. Further, the Court **DENIES** the motion to stay (Doc. 24).

### I. BACKGROUND

**A. Notice of Removal/Complaint**

On July 7, 2017, defendants removed the case to this Court based on 28 U.S.C. §§ 1332, 1441, and 1446, from the Circuit Court of St. Clair County,

Illinois[1] (*Id.*). Specifically, defendants argue they are not subject to personal jurisdiction in Illinois based on the claims of the 32 non-Illinois plaintiffs from 18 different states who were embedded in the lawsuit explicitly to destroy diversity jurisdiction (*Id.*). As a result, defendants insist dismissal of the non-Illinois plaintiffs' claims for lack of personal jurisdiction—leaving Illinois plaintiff Elizabeth as BeRousse as sole claimant in the action (*Id.*).

Defendants draw attention to the recent Supreme Court ruling in *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S.Ct. 1773 (2017) ("*BMS*") which established state courts lack specific jurisdiction to entertain non-resident plaintiff claims[2] (*Id.* at 2). Put differently, defendants argue *BMS* indisputably confirms lack of specific jurisdiction in respect to claims against defendants asserted by non-Illinois plaintiffs, who were neither prescribed Xarelto, nor used Xarelto in Illinois; and whose claims possess no connection to Illinois—irrespective of whether joined with those of Douthit (*Id.*). Defendants argue that removal is proper, and further urge the Court, under *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), to exercise discretion and initially rule on the question of personal jurisdiction before subject-matter jurisdiction. Under this rationale,

---

[1] Plaintiffs' Complaint was filed on May 31, 2017, in the St. Clair County, Illinois Circuit Court seeking damages for injuries sustained as a result of ingesting the pharmaceutical drug Xarelto (rivaroxaban) (Doc. 1-1).

[2] On June 19, 2017, the Supreme Court's holding in *BMS* established the Fourteenth Amendment's due process clause did not permit the exercise of specific personal jurisdiction in state court over nonresident consumer's claims. *See BMS* at 1781 ("In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State") (internal quotation marks and brackets omitted).

dismissal of the non-Illinois plaintiffs creates complete diversity between BeRousse and defendants (*Id.*).

**B. Plaintiffs' Motion to Remand**

Plaintiffs maintain that there is no question that the Court lacks diversity jurisdiction as plaintiff Yakisha Brown-Bell is a citizen of the State of New Jersey and defendants Janssen Research & Development, LLC, f/k/a Johnson and Johnson Pharmaceutical Research and Development, LLC, Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica, In., f/k/a Ortho-McNeil Janssen Pharmaceuticals, Inc., Bayer Healthcare Pharmaceuticals, Inc. and Bayer Healthcare, LLC are also citizens of New Jersey. Moreover, plaintiffs contend the grounds for removal fail and respectfully request the Court remand the case to the St. Clair County, Illinois Circuit Court.

**C. Defendants' 12(b)(2) Motion to Dismiss**

Subsequently, defendants filed a motion to dismiss claims of the non-Illinois plaintiffs for lack of personal jurisdiction (Doc. 21). The argument was identical to defendants' above-mentioned response: plaintiff BeRousse is a citizen of Illinois; the remaining plaintiffs are not citizens of Illinois; and, were not prescribed Xarelto in Illinois, did not use Xarelto in Illinois, was not injured in Illinois, and moreover, asserted no claims arising out of defendants' conduct in Illinois (Doc. 22).

## II. ISSUES PRESNTED

The Court shall determine: (1) whether precedence should be given to personal jurisdiction over subject-matter jurisdiction in ruling on plaintiffs'

Motion to Remand; and (2) whether the Court possesses personal jurisdiction over defendants; and if claims remain.

### III. ANALYSIS

**A. Discretion in Jurisdiction**

"Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry." *Ruhrgas AG*, at 578. Although inquiries into subject-matter jurisdiction must be undertaken *sua sponte*, *see* FED. R. CIV. P. 12(h)(3) (if court determines at any time it lacks subject-matter jurisdiction it must dismiss the action), *it does not necessarily mean subject-matter jurisdiction is perpetually more significant than personal jurisdiction. See Advanced Tactical Ordnance Sys., LLC, v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) (citing *Ruhrgas AG* at 584, and explaining district court is entitled to entertain threshold personal jurisdiction inquiry at outset of case); s*ee also Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779 (2000) (stating without personal jurisdiction court is powerless to proceed to adjudication); *Philos Tech., Inc., v. Philos & D, Inc.*, 645 F.3d 851, 855 (7th Cir. 2011) ("A court 'without personal jurisdiction of the defendant' is wholly 'without power to proceed to an adjudication' binding on that defendant, regardless of the specific reason such jurisdiction is lacking.").

Consequently, district courts "do not overstep Article III limits when [ ] declin[ing] jurisdiction of state-law claims on discretionary grounds without determining whether those claims fall within their pendent jurisdiction . . .

without deciding whether the parties present a case or controversy." *Ruhrgas AG*, at 585. Where a straightforward personal jurisdiction issue presenting no complex question of state law is pending before the Court—and the dispute over subject-matter jurisdiction is problematic—"*the [C]ourt does not abuse its discretion by turning directly to personal jurisdiction.*" *See id.*, at 588 (emphasis added).

**B. Personal Jurisdiction is more "Straightforward"**

"[I]n most instances subject-matter jurisdiction will involve no arduous inquiry." *Id.* at 587. However, if the dispute presents "a difficult and novel" subject-matter jurisdiction analysis, a court does not abuse its discretion in addressing a "straightforward" personal jurisdiction inquiry, free from complex questions of state law. *See id.* at 588.

In this case, plaintiffs argue an analysis of subject-matter jurisdiction would neither be difficult or novel, considering parties are non-diverse and defendants' personal jurisdiction argument is grounded on the concept of "fraudulent misjoinder." *See, e.g., Davidson v. Bristol-Myers Squibb Co.*, No. 12-58-GPM, 2012 WL 1253165, at *3 (S.D. Ill. Apr. 13, 2012) (stating neither Seventh Circuit or U.S. Supreme Court had occasion to pass on doctrine of fraudulent misjoinder). In contrast, plaintiffs contend a personal jurisdiction inquiry is much more complex, requiring a pervasive legal and factual investigation into defendants' business contacts and activities relating to Illinois.

On the other hand, defendants argue several courts that utilized the *BMS* holding have conclusively held personal jurisdiction—instead of subject-matter

jurisdiction—is the "more straightforward inquiry." *See Jinright v. Johnson & Johnson*, No. 14:17-CV-01849 ERW, 2017 WL 3731317 (E.D. Mo. Aug. 30, 2017); *Covington v. Janssen Pharm., Inc.*, No. 4:17-CV-1588 SNLJ, 2017 WL 3433611 (E.D. Mo. Aug. 10, 2017); *Gallardo v. Johnson & Johnson*, No. 4:17-CV-1601 SNLJ, 2017 WL 3128911 (E.D. Mo. July 24, 2017) (explaining court chose to address personal jurisdiction before subject matter jurisdiction because personal jurisdiction was much easier to decide); *Jordan v. Bayer Corp.*, No. 4:17-CV-865 CEJ, 2017 WL 3006993 (E.D. Mo. July 14, 2017); *Siegfried v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-1942 CDP, 2017 WL 2778107 (E.D. Mo. June 27, 2017).

Based on the above recent legal decisions combined with lack of "unyielding jurisdictional hierarchy," interests of judicial economy, and weight of the precautionary effect on ruling on an issue that could regress and bind the state court, *see Ruhrgas AG*, at 587, ***the Court finds that in this matter personal jurisdiction is the more straightforward inquiry***—and will analyze same before addressing challenges to subject-matter jurisdiction.

**C. Personal Jurisdiction Analysis**

"A federal district court sitting in diversity must apply the personal jurisdiction rules of the state in which it sits." *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). "Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state." *See uBid, Inc., v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Under general personal jurisdiction, the Court "may exercise personal

jurisdiction over defendants even in cases that do not arise out of and are not related to the defendant's forum contacts" when defendants possess "continuous and systematic" contacts with Illinois—if said contacts exist. *See Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). As relevant, corporations are subject to general personal jurisdiction in forums where they are incorporated, and where their principle place of business is located. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Therefore, Illinois does not have general personal jurisdiction over defendants in this matter because no defendant is incorporated in Illinois, nor has its principle place of business in Illinois.

In exercising specific personal jurisdiction, defendants' contacts with Illinois must be directly related to the challenged conduct. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citing *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010).[3] Federal courts in Illinois may exercise specific personal jurisdiction over defendants under Illinois' Long-Arm statue because Illinois permits personal jurisdiction authorized by either the Illinois Constitution or the United States Constitution. *See uBID, Inc.,* at 425 (explaining state statutory and federal constitutional requirements merge); *see also* 735 ILCS 5/2-209.

Plaintiffs' argue both Illinois state court and this Court—under diversity jurisdiction—have specific personal jurisdiction over resident *and* non-resident

---

[3] *See Tamburo*, at 702 (explaining specific personal jurisdiction is appropriate where defendant purposefully directed activities at forum state or purposefully availed privilege of conducting business in that state and alleged injury arises out of defendant's forum-related activities).

plaintiff claims.  *Cf. Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003) ("plaintiff bears the burden of demonstrating the existence of jurisdiction.").  Plaintiffs allege defendants purposefully targeted Illinois as the location for multiple clinical trials which formed the foundation for defendants' Xarelto Food and Drug Administration application.  Furthermore, plaintiffs rationalize pharmaceutical clinical testing within Illinois has previously been recognized by other courts as a basis for granting personal jurisdiction over non-Illinois plaintiffs' claims.

While defendants agree this Court possesses personal jurisdiction over plaintiff BeRousse—who alleged she was injured by Xarelto in Illinois—defendants wholly dispute plaintiffs' notion that this Court maintains personal jurisdiction over the non-Illinois plaintiffs' claims; which involved no harm in Illinois and no harm to Illinois residents.  It is undisputed that the non-Illinois plaintiffs do not claim injuries from ingesting Xarelto in Illinois, and all conduct giving rise to the non-Illinois plaintiffs' claims occurred elsewhere.

The instant matter is analogous to *BMS* where the United States Supreme Court held that California state courts do not retain specific personal jurisdiction over non-resident defendant pharmaceutical companies, for non-resident plaintiff claims not arising out of or relating to defendant's contacts with California. *See BMS*, at 1780-1783.  Similar to *BMS*, **this Court lacks general personal jurisdiction over defendants**, *see Daimler AG*, at 754; likewise, **this Court lacks specific personal jurisdiction over defendants** *regarding the non-Illinois*

*plaintiffs' claims*. *See BMS*, at 1781 (stating in order for court to exercise specific jurisdiction over claim there must be an affiliation between forum and underlying controversy, "principally, [an] activity or occurrence that takes place in the forum State.").

### D. 12(b)(2) Motion to Dismiss Regarding Non-Illinois Plaintiffs

When personal jurisdiction is challenged pursuant to FED. R. CIV. P. 12(b)(2), plaintiffs bear the burden of establishing personal jurisdiction over defendants. *See N. Grain Mktg.*, at 491 (citing *Purdue Research Found.*, at 773). If the issue of personal jurisdiction is raised by a motion to dismiss, and decided on written material rather than an evidentiary hearing, plaintiffs need only make a prima facie showing of jurisdictional facts. *Id*. The Court must take as true all well-pleaded facts alleged and resolve any factual disputes in favor of the plaintiff. *See Tamburo*, at 700.

Here, the non-Illinois plaintiffs failed to allege ingestion of Xarelto in Illinois, or suffered from injuries caused by Xarelto in Illinois. Rather, the non-Illinois plaintiffs allege ingestion of Xarelto at some point, at some unknown location; and further allege Xarelto is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings. Under these facts—in regard to the non-Illinois plaintiffs' allegations—there is no connection between Illinois and the underlying Xarelto controversy, which in itself is unconnected to Illinois but for plaintiff BeRousse. *See id*. (citing to *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011); *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 318 (1945)

*plaintiffs' claims*. *See BMS*, at 1781 (stating in order for court to exercise specific jurisdiction over claim there must be an affiliation between forum and underlying controversy, "principally, [an] activity or occurrence that takes place in the forum State.").

### D. 12(b)(2) Motion to Dismiss Regarding Non-Illinois Plaintiffs

When personal jurisdiction is challenged pursuant to FED. R. CIV. P. 12(b)(2), plaintiffs bear the burden of establishing personal jurisdiction over defendants. *See N. Grain Mktg.*, at 491 (citing *Purdue Research Found.*, at 773). If the issue of personal jurisdiction is raised by a motion to dismiss, and decided on written material rather than an evidentiary hearing, plaintiffs need only make a prima facie showing of jurisdictional facts. *Id*. The Court must take as true all well-pleaded facts alleged and resolve any factual disputes in favor of the plaintiff. *See Tamburo*, at 700.

Here, the non-Illinois plaintiffs failed to allege ingestion of Xarelto in Illinois, or suffered from injuries caused by Xarelto in Illinois. Rather, the non-Illinois plaintiffs allege ingestion of Xarelto at some point, at some unknown location; and further allege Xarelto is defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings. Under these facts—in regard to the non-Illinois plaintiffs' allegations—there is no connection between Illinois and the underlying Xarelto controversy, which in itself is unconnected to Illinois but for plaintiff BeRousse. *See id*. (citing to *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011); *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 318 (1945)

and explaining defendants' general connections with forum are not enough; a corporation's continuous activity of some sort within a state is not enough to support demand that corporation be amenable to lawsuits unrelated to specified activity); *cf. Siegfried*, at *4.[4] As a result, the non-Illinois plaintiffs' claims do not arise out of defendants' contacts with the state of Illinois, and moreover, **this Court lacks specific personal jurisdiction over the non-Illinois plaintiffs' claims**.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** plaintiffs' motion to remand (Doc. 12) and **GRANTS** defendants' motion to Dismiss for lack of personal jurisdiction (Doc. 21). The Court **DISMISSES without prejudice** for lack of personal jurisdiction the following **non-Illinois plaintiffs,** Marvin Redford, Paul Ley, Robert Kelley, Tammy Jones, Leisa Oxford, Rosemarie Burke, Michael Tubbs, Linda Overstreet, Carol Hathaway, John Lovier, Beverly Lewis, Delores Williams, Robert Poole, Linda Jones, Billie Godwin, Alice Leacraft, Marianne Matuczinski, Gerald Cummings, Bonnie Stout, Gweldon Lewis, Charles Hinchman, John Jacoby, Ronnie Hearns, Carlos Anderson, Jeff Beaumont, Yakisha Brown-Bell, Shirely Green, Robert Lantz, Beverly Lively, Lorene Engle, Ricco Stough, and Lewis Bivens. The Court **RETAINS** jurisdiction over

---

[4] "Plaintiffs here assert that this court has specific jurisdiction over all defendants for all plaintiff's claims. They argue that defendants' tortious conduct gave rise to this cause of action as a whole and defendants' contacts with Missouri constitute part of the same series of transactions for all plaintiffs. These contacts with Missouri include marketing, promoting, and selling Pradaxa in the state. It is undisputed that the same marketing and promotional activities took place throughout the United States. The non-Missouri plaintiffs, however, were not prescribed Pradaxa here, nor did they purchase the drug, suffer any injury, or receive treatment in Missouri."

defendants regarding Illinois plaintiff BeRousse's claims. Lastly, the Court **DENIES** the motion to stay (Doc. 24).

    **IT IS SO ORDERED**.

Digitally signed by Judge David R. Herndon
Date: 2017.09.26 14:46:44 -05'00'

**UNITED STATES DISTRICT JUDGE**